1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

J.M.E.N.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5777 RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

13
14
15
16
17

      Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred by finding his limitations "less than marked," and by rejecting the medical opinion evidence and lay witness testimony.  Dkt. 12.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

18

**BACKGROUND**

19
20
21
22
23

      Plaintiff is under the age of 18.  Admin. Record (AR) 15.  In November 2018, an application for SSI benefits, alleging a disability onset date of December 12, 2008, was filed on his behalf.  AR 15, 85–86, 94–95.  Plaintiff's application was denied initially and on reconsideration.  AR 91, 100.  After the ALJ conducted a hearing in July 2021, the ALJ issued a decision finding Plaintiff not disabled.  AR 12–83.

**DISCUSSION**

An individual under the age of 18 is disabled if he has a medically determinable physical or mental impairment that results in marked or severe functional limitations, and the limitations can be expected to result in death or last for a continuous period of at least 12 months, provided the individual is not engaging in substantial gainful activity. 20 C.F.R. § 416.906.

The Social Security regulations set forth a three-step sequential evaluation process for determining whether a child is disabled. *See* 20 C.F.R. § 416.924(a). At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. *Id.* If the claimant is not, the ALJ proceeds to step two, at which point the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe. *Id.* If the claimant has a severe impairment or combination of impairments, the ALJ proceeds to step three, at which point he or she must determine whether the claimant has an impairment that meets, medically equals, or functionally equals a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1 (the "Listings"). *Id.*

An impairment functionally equals a Listing if the child has marked limitations in two areas of functioning or an extreme limitation in one area. 20 C.F.R. § 416.926a(a). The six areas of functioning, or domains, are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1.    Plaintiff's Functional Limitations

In finding Plaintiff not disabled, the ALJ determined Plaintiff has "less than marked" limitations in acquiring and using information, and interacting and relating with others, based on Plaintiff's clinical reports and education records.  AR 19–36.  Plaintiff contests these specific findings by the ALJ.  Dkt. 12 at 2–4.

The records the ALJ relied on show Plaintiff did well in his classes and understood his lessons and assignments, though there were some concepts that he found more challenging.  *See* AR 940 (transition to sixth grade "gone very well and he is doing quite well"), 1088 ("strong math student who grasps concepts quickly), 1090 ("has a terrific amount of background knowledge, especially in science"), 1105 ("highly successful in math, science"), 1107 ("engaged in math"), 1517, 1520.  The ALJ pointed out Plaintiff's IQ.  AR 30 (citing AR 1074, 1051).  Given these records, it was reasonable for the ALJ to determine Plaintiff has a "less than marked" limitation in acquiring and using information.

In finding Plaintiff has a "less than marked" ability to interact and relate with others, the ALJ's reasoning is not as substantially supported.  The regulations state that when assessing this domain of functioning, the ALJ considers how well a claimant can "initiate and sustain emotional connections with others, develop and use the language of [the claimant's] community, cooperate with others, comply with the rules, respond to criticism, and respect and take care of the possessions of others."  20 C.F.R. § 416.926a(i).  In relevant part, the regulations explain a

claimant in Plaintiff's age group should be able to develop "most lasting friendships with children" his age, "begin to understand how to work in groups" and "have an increasing ability to understand another's point of view and to tolerate differences."  20 C.F.R. § 416.926c(i)(2)(iv).

There is some ambiguity in the evidence the ALJ cited.  Plaintiff's clinical notes state Plaintiff conversed normally back and forth, interacted well with his siblings and cousins, and received positive feedback regarding his social skills.  AR 382–93, 632, 877, 898, 939, 946–47, 957–58, 1586.  Plaintiff's mother also reported he was acting less aggressive and was able to handle stressful situations.  AR 1514.  Plaintiff's earlier education records also indicated some positive findings, stating he maintained positive relationships with school staff, and did not exhibit major behaviors.  AR 1105–06.  But the rest of the records show his teachers found his socialization to be a concern.  AR 1105, 1107 ("does not socialize in the same manner as most students," "hard on himself when things go wrong").  Though Plaintiff was engaged in his subjects, his teachers noted he had a hard time following instruction and was easily distracted and "can be a distraction to others."  AR 1107.  By September 2020, Plaintiff's teachers approved the use of a behavior plan because he was disruptive, was occasionally defiant, and over-reported his peers.  AR 1089.  His teachers noted he had a "lack of awareness" that caused misunderstandings between him and his peers, struggled with feedback, and was described as "not quite experienced" in collaborative situations.  AR 1068, 1090–91.  By spring of 2021, Plaintiff's teachers reported that he left class early without explanation, submitted incorrect assignments, and did not participate in live classes.  AR 356.  They found that without a "specially designated instruction for social skills" or accommodations, Plaintiff's impairments would adversely impact his ability to progress in the curriculum.  *Id*.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

1    The ALJ also cited Plaintiff's "robust range" of activities, including his ability to read,

2    write, ride a bicycle, participate in distance learning, understand money, repeat stories, manage

3    his self-care, and work on arts and crafts.  AR 24.  The ALJ also explained Plaintiff talked with

4    family and friends and got along well with adults.  AR 24. That Plaintiff is able to perform these

5    activities supports the ALJ's finding regarding Plaintiff's ability to acquire and use information.

6    However, findings about Plaintiff's communication skills and relationships with adults and

7    school staff by themselves do not substantially support the ALJ's "less than marked" assessment

8    of Plaintiff's ability to interact and relate with others, especially considering the education

9    records just discussed and the factors the regulations state the ALJ must consider when assessing

10   this domain of functioning.  The ALJ also explained that his rating was partially based on Dr.

11   Monis's opinion.  AR 33.  As discussed in the next section, the ALJ's evaluation of his opinion

12   was not supported by substantial evidence.

13        In sum, the ALJ's assessment of Plaintiff's ability to acquire and use information is

14   supported by substantial evidence.  However, the same cannot be said for his assessment with

15   Plaintiff's ability to interact and relate with others, as Plaintiff's records contained conflicting

16   information about Plaintiff's behavioral concerns, especially with his peers.

17        **2.    Medical Opinion Evidence**

18        For applications filed after March 27, 2017, ALJs must consider every medical opinion in

19   the record and evaluate each opinion's persuasiveness, with the two most important factors being

20   "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20

21   C.F.R. § 416.920c(a).  Supportability concerns how a medical source supports a medical opinion

22   with relevant evidence, while consistency concerns how a medical opinion is consistent with

23   other evidence from medical and nonmedical sources. *See id*.; 20 C.F.R. §§ 416.920c(c)(1),

1  (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's

2  opinion as unsupported or inconsistent without providing an explanation supported by substantial

3  evidence." *Woods*, 32 F.4th at 792.

4              **a.        Dr. Monis**

5          Plaintiff contends the ALJ erred in finding persuasive Dr. Monis's opinion about

6  Plaintiff's ability to interact with others specifically.  Dkt. 12 at 5.

7          Dr. Monis testified Plaintiff has a "less than marked" ability in acquiring and using

8  information, attending and completing tasks, interacting and relating with others.  AR 61–62.

9  The ALJ found her opinion consistent with Plaintiff's conservative treatment, cooperative and

10  pleasant demeanor, ability to participate in online distance learning, improve in his schooling,

11  and ability to engage in various activities.  AR 26.

12          The ALJ's overall assessment of Plaintiff's record is not supported by substantial

13  evidence.  The ALJ pointed out Plaintiff's attention deficit hyperactivity disorder (ADHD) and

14  anxiety were well managed with medication, but does not explain how such findings satisfy the

15  various factors the ALJ must consider when assessing this particular domain of functioning, such

16  as connecting and cooperating with others, complying with the rules, responding to criticism,

17  understanding how to work in groups, and understanding and tolerating differences.  *See* 20

18  C.F.R. §§ 416.926a(i), 416.926c(i)(2)(iv).  As discussed in the previous section, Plaintiff's

19  educational records noted Plaintiff's disruptive behavior in class, noncompliance with

20  instructions, and conflicts with his peers.  As also discussed in the previous section, Plaintiff's

21  schooling and ability to engage in several activities only show that he was able to acquire and

22  use information, but they do not necessarily relate to his ability to interact and relate with others.

23  Thus, in finding Dr. Monis's opinion persuasive, the ALJ erred.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

1

**b.      Ms. Sandy, ARNP**

2      Ms. Sandy completed a medical and functional capacity assessment in December 2020

3 and opined that Plaintiff has marked limitations in acquiring and using information, interacting

4 and relating with others, and caring for himself, and extreme limitations in attending and

5 completing tasks.  AR 1360–61.

6      The ALJ rejected Ms. Sandy's opinion because her proposed limitations were not

7 supported by her own treatment notes.  AR 27.  Ms. Sandy's notes show Plaintiff was generally

8 doing well in school, with some reported difficulties with timely submitting assignments. AR

9 388–89, 940.  She also observed he was able to engage in conversations, his anxiety and ADHD

10 were well managed with medication, his inattention well controlled in school settings, and

11 presented with a pleasant demeanor.  AR 939–40.  Ms. Sandy's findings contrasted sharply with

12 her marked and extreme limitations, therefore the ALJ reasonably found her opinion

13 unpersuasive.

14      As the ALJ's supportability finding is supported by substantial evidence, the Court need

15 not assess whether the ALJ's consistency finding is erroneous.  Even if it were, the ALJ's error

16 would be deemed harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162

17 (9th Cir. 2008) (including an erroneous reason among other reasons is at most harmless error

18 where an ALJ provides other reasons that are supported by substantial evidence).

19      **3.      Teacher Questionnaires**

20      Plaintiff's teachers assessed Plaintiff has at most "a serious problem" with activities

21 associated with acquiring and using information, and at most "a serious problem" with activities

22 associated with interacting and relating with others.  AR 298–304, 367–69.

23      Plaintiff's teachers are not considered acceptable medical sources.  20 C.F.R. §

416.902(a).  Although the new regulations state the ALJ is not required to evaluate nonmedical

testimony using the required factors provided in 20 C.F.R. § 416.920c(c)(1)-(5) for medical

opinion evidence, the Ninth Circuit has yet to clarify what standards the ALJ must use, if any,

when evaluating nonmedical testimony for post-March 27, 2017 cases.  Recently, the Ninth

Circuit affirmed the discounting of lay witness testimony after the ALJ provided a "germane"

reason.  *See, e.g.*, *Muntz v. Kijakazi*, 2022 WL 17484332, at *2 (9th Cir. Dec. 7, 2022) (applying

"germane reasons" standard to ALJ's evaluation of third-party function report from claimant's

husband); *Weitman v. Kijakazi*, 2022 WL 17175060, at *4 n.4 (9th Cir. Nov. 23, 2022); *but see*

*Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022) (noting that

"[i]t is an open question whether ALJs are still required to consider lay witness evidence under

the revised regulations, although it is clear they are no longer required to articulate it in their

decisions").

In this case, the ALJ found the teachers' assessments "minimally persuasive."  AR 28.

The ALJ explained one of the teacher's assessments was unclear because he did not indicate for

how long he had observed Plaintiff before completing the questionnaire and unpersuasive when

considered within the context of Plaintiff's broader record.  *Id*.  That one of Plaintiff's teachers

may not have had sufficient time to observe him before completing these assessments is a

germane reason to reject that teacher's findings, but as Plaintiff points out, the ALJ failed to

provide reasons for rejecting the other assessments provided.  *See* Dkt. 12 at 7; AR 298–30.

Though the Ninth Circuit has not yet determined what standards to apply when evaluating

nonmedical testimony for post-March 27, 2017, the ALJ must still consider all relevant evidence

of record, including those from nonmedical sources.  20 C.F.R. § 416.924a.  The Court is tasked

in assessing whether an ALJ's conclusions are free of legal error and supported by substantial

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8

1    evidence, and the Court cannot do so if the ALJ does not provide some kind of rationale with

2    regards to this evidence.  *See Wischmann v. Kijakazi*, 68 F.4th 498, 504 (9th Cir. 2023).

3    **4.    Scope of Remedy**

4    Plaintiff requests the Court remand this matter for an award of benefits, or alternatively,

5    for a new hearing.  Dkt. 10 at 6.

6    Remand for an award of benefits "is a rare and prophylactic exception to the well-

7    established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The

8    Ninth Circuit has established a three-step framework for deciding whether a case may be

9    remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ

10   has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison v.*

11   *Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must determine "whether the

12   record has been fully developed, whether there are outstanding issues that must be resolved

13   before a determination of disability can be made, and whether further administrative proceedings

14   would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)

15   (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court

16   must determine whether, "if the improperly discredited evidence were credited as true, the ALJ

17   would be required to find the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  "Even

18   if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is

19   within the court's discretion either to make a direct award of benefits or to remand for further

20   proceedings."  *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

21   Only the first step is met here, as the Court has found the ALJ erred by finding Plaintiff's

22   domain of functioning—interacting and relating with others, specifically—"less than marked"

23   and by rejecting medical opinion evidence and lay witness testimony.  However, there remains

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

contradicting evidence throughout Plaintiff's record the ALJ must resolve. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105).  Plaintiff also has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  Accordingly, the Court finds remanding for further proceedings is the more appropriate remedy.

On remand, the ALJ shall reevaluate Plaintiff's functioning, the medical opinion evidence, and other relevant evidence.  The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 10